Daniel F. Carbone, Esq. Saranac Lake Village Attorney
You request an opinion whether, in connection with a referendum on a proposition to discontinue the village manager form of government, the provisions of the Election Law or Village Law Article 9 (§§ 9-900 — 9-914) should be followed by the village clerk in conducting the referendum.
We previously concluded in 1974 Op Atty Gen 253 that the right of the people to change from the village manager form of government was not taken from them by the enactment of the new Village Law even though it contained no mention of this. Former Village Law Article 15-A authorized residents of villages to demand a referendum to adopt a village manager form of government and authorized discontinuance of such form of government in the same manner. The submission of a proposition for either purpose was controlled by Article 15-A which, in section 363, provided that the provisions of the Village Law relating to the holding of annual or special elections, not conflicting with that Article, would apply. That part of the then Village Law relating to annual and special elections for village officers now appears in Election Law Article 15 (§§ 15-100 — 15-138) and the provisions relating to submission of propositions now appear in the current Village Law, Article 9 (§§ 9-900 — 9-916) which, in turn, directs that a referendum follow, as closely as possible, the provisions contained in the Election Law as modified by Village Law Article 9. A modification made by Article 9 is in section 9-902 subd 3 in relation to the preparation of a registration list of voters for a proposition to be submitted at a special village election.
Your village clerk informed us by telephone that the Village has five election districts and is interested in keeping the expense of the referendum on this question as low as possible, one means of which would be to conduct the referendum with only one polling place. Election Law § 15-110 subd 1 provides that a village constitutes a single election district for village elections unless the village board by resolution has increased the number. Subdivision 2 allows the village board, by resolution, to increase or diminish the number of polling places from year to year. Thus, the village board, by resolution, may reduce the number of polling places in the village for village elections to a single election district and after the referendum has been held may increase the number.
In our opinion, submission of propositions at special village elections is governed by the Election Law as modified by Village Law Article 9 and the number of polling places in the village may be diminished in number prior to a referendum to be conducted at a special election and then increased to the usual number thereafter.
A town cannot place a gate across a public highway in order to restrict the use thereof to town officials and employees and to owners of property along the highway.
Dated: July 29, 1980
Richard D. Yunker, Esq. Oakfield Town Attorney
You request an opinion whether your Town may place a gate across a portion of a dead-end town road and provide keys so that owners of property along the road can have access to their property and so that town officials and employees can have access to the road and to the town landfill which is at the end of the road.
In People v Grant, 306 N.Y. 258 (1954), it was stated at page 260:
 "Streets pertain to the exercise of a governmental function [citations omitted]. Political subdivisions and municipal corporations hold the fee of streets for the benefit of the public. This refers not alone to adjacent property owners, nor to the inhabitants of the particular political subdivision or municipality, but to the whole people [citations omitted]. It signifies that streets are subject exclusively to regulation and control by the State as sovereign, except to the extent that the Legislature delegates power over them to political subdivisions and municipal corporations."
and at page 262, the Court remarked:
 "Bearing in mind the principle above mentioned that political subdivisions and municipal corporations hold the fee of streets for the benefit of the whole people, it follows that residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways therein in priority to or exclusive of use by the general public."
In our opinion, a town cannot place a gate across a public highway in order to restrict the use thereof to town officials and employees and to owners of property along the highway.